**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 25 2000**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

v.

GUILLERMO VALENTIN
MALDONADO-ACOSTA,

       Defendant - Appellant.

No. 99-2136

**Appeal from the United States District Court**
**for the District of New Mexico**
**(D.C. No. CR-98-429-MV)**

**SUBMITTED ON THE BRIEFS:**

F. Mario Ortiz, Las Cruces, New Mexico, for the appellant.

John J. Kelly, US Attorney, and Fred J. Federici, Assistant US Attorney, Albuquerque, NM, for the appellee.

Before **BRISCOE**, **ANDERSON** and **LUCERO**, Circuit Judges.

**LUCERO**, Circuit Judge.

       United States Sentencing Guideline ("U.S.S.G.") § 5K1.1 specifically states

that a downward sentencing departure for substantial assistance to the government

may be granted "upon motion by the government." We have held that the government's motion for a departure for substantial assistance "is an unequivocal condition precedent; the [sentencing] court may not act sua sponte in such matters." United States v. Vargas, 925 F.2d 1260, 1267 (10th Cir. 1991). This Circuit has not yet decided, however, in the wake of Koon v. United States, 518 U.S. 81 (1996), which interpreted the general "other grounds for departure" provision of the Guidelines, U.S.S.G. § 5K2.0, whether a sentencing court has the authority to grant a defendant a downward departure for substantial assistance to the government without the required motion from the government pursuant to § 5K1.1. Joining the other circuits that have considered this issue, we conclude that § 5K1.1's specific consideration of substantial assistance precludes its consideration under § 5K2.0. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

**I**

After pleading guilty to conspiracy with intent to distribute cocaine and possession with intent to distribute cocaine, defendant-appellant Guillermo Valentin Maldonado-Acosta was sentenced to 135 months imprisonment. He had assisted agents with a controlled delivery and entered into a plea agreement under which the government in its discretion could move the district court for a § 5K1.1 reduction. At sentencing, the government did not move for this reduction because

Maldonado-Acosta "failed to fulfill his obligation [under the plea agreement] by failing to disclose and identify the source for the cocaine." (I. R. Doc. 56 at 3.)

Maldonado-Acosta filed a motion to compel performance of the plea bargain, requesting that the district court grant him a downward departure for substantial assistance even without a motion from the government under § 5K1.1. The district court denied the motion and this appeal followed.

## II

We review for clear error the district court's factual findings regarding sentencing and review de novo its legal interpretation of the Guidelines. See United States v. Henry, 164 F.3d 1304, 1310 (10th Cir.), cert. denied, 119 S. Ct. 2381 (1999). Section 5K1.1 of the Guidelines states:

> Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.

As Maldonado-Acosta acknowledges, sentencing courts generally have no authority to compel the government to file a downward departure motion under § 5K1.1 or to grant a downward departure under that section without a government motion. See United States v. Perez, 955 F.2d 34, 35 (10th Cir. 1992). The government's motion "is an unequivocal condition precedent [and] the court may not act sua sponte" to determine that a defendant provided substantial assistance to the government. Vargas, 925 F.2d at 1267. This condition

-3-

precedent limits the district court's authority and "gives the Government a power, not a duty, to file a motion when a defendant has substantially assisted." Wade v. United States, 504 U.S. 181, 185 (1992).

There are exceptions to the general rule that a district court cannot grant a sentencing reduction for substantial assistance without a motion from the government. A district court can review the government's discretionary refusal to file a substantial assistance motion: "(1) if the refusal violates an agreement with the government; (2) if the refusal was based on an unconstitutional motive such as the defendant's race or religion; or (3) in an egregious case where the prosecution stubbornly refuses to file a motion despite overwhelming evidence that the accused's assistance has been so substantial as to cry out for meaningful relief." United States v. Cerrato-Reyes, 176 F.3d 1253, 1264 (10th Cir. 1999) (internal quotations and citations omitted). On appeal, however, Maldonado-Acosta does not seek review of the government's discretionary decision under these exceptions.

Rather, Maldonado-Acosta argues that, under the rationale of Koon v. United States, 518 U.S. at 81, a sentencing court may grant a substantial assistance departure without a motion from the government pursuant to U.S.S.G. § 5K2.0. He reasons that rendering substantial assistance, but not receiving a reduction pursuant to § 5K1.1, can be a factor that takes his case outside the

"heartland" because otherwise his sentence would conform to sentences of other defendants convicted of the same offense who have not rendered substantial assistance.

As interpreted by Koon, § 5K2.0 permits the sentencing court to depart from the sentence imposed by the Guidelines if "certain aspects of the case [are] unusual enough for it to fall outside the heartland of cases in the Guideline." Id. at 98; see also U.S.S.G. § 5K2.0 (permitting the sentencing court to "impose a sentence outside the range established by the applicable guidelines, if the court finds 'that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described'") (quoting 18 U.S.C. § 3553(b)). Even after Koon, however, a departure for substantial assistance pursuant to § 5K2.0 is not permissible because departures for substantial assistance are already "adequately taken into consideration by the Sentencing Commission in formulating the guidelines," U.S.S.G. § 5K2.0—specifically, in § 5K1.1. There is, therefore, no warrant under Koon for treating substantial assistance as a factor appropriate for consideration under § 5K2.0. This result is in accord with the numerous other circuits that have likewise held in the wake of Koon that § 5K2.0 does not authorize a sentencing court to grant a departure for substantial assistance without a motion from the

-5-

government requesting the departure pursuant to § 5K1.1.  See United States v. Cruz-Guerrero, 194 F.3d 1029, 1032 (9th Cir. 1999); United States v. Algeria, 192 F.3d 179, 189 (1st Cir. 1999); In re Sealed Case, 181 F.3d 128, 142 (D.C. Cir.), cert. denied, 120 S. Ct. 453 (1999); United States v. Solis, 169 F.3d 224, 227 (5th Cir.), cert. denied, 120 S. Ct. 112 (1999); United States v. Abuhouran, 161 F.3d 206, 214 (3d Cir. 1998), cert. denied, 119 S. Ct. 1479 (1999).

The judgement of the district court is **AFFIRMED**.