**UNITED STATES of America,
Plaintiff/Respondent,**

**v.**

**Gale F. BURCH, Defendant/Movant.**

**Civ. No. 98–3284–SAC.
Cr. No. 95–40045–02–SAC.**

United States District Court,
D. Kansas.

Feb. 20, 2001.

Thomas G. Luedke, Office of United States Attorney, Topeka, KS, for U.S.

## MEMORANDUM AND ORDER

CROW, Senior District Judge.

The case comes before the court on the defendant's amended motion to vacate or correct sentence under 28 U.S.C. § 2255. (Dk. 266 *****). A jury convicted the defendant of conspiracy to distribute marijuana in violation of 21 U.S.C. § 846 and of possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1). On September 6, 1996, the court sentenced her to 108 months of imprisonment. On appeal, the defendant raised four issues, including that the district court erred in overruling her objection to sentencing enhancements for role in the offense and obstruction of justice. The Tenth Circuit affirmed the defendant's conviction and sentence. *United States v. Burch,* 113 F.3d 1247, 1997 WL 271316 (10th Cir. May 22, 1997) (Table).

In her amended motion, the defendant argues: (1) her trial counsel was ineffective in not raising certain factors for a sentencing departure, in advising her not to speak with the probation officer preparing the presentence report, and in not advising her about a two-point deduction for accepting responsibility before sentencing; (2) her appellate counsel was ineffective in not challenging the constitutionality

of the state regulatory scheme permitting "spot" inspections; and (3) her pre-trial detention facility lacked the educational and substance abuse programs available in other facilities through which she could have demonstrated her post-offense rehabilitation. In reply to the government's response, the defendant withdraws all but one of the factors that trial counsel should have raised for a departure. The defendant also withdraws her issue on post-offense rehabilitation.

## GENERAL § 2255 STANDARDS

■ "Section 2255 motions are not available to test the legality of matters which should have been raised on direct appeal." *United States v. Warner,* 23 F.3d 287, 291 (10th Cir.1994) (citation omitted). The defendant may not raise such matters "unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." *United States v. Cook,* 997 F.2d 1312, 1320 (10th Cir.1993), (citations omitted); *see Rogers v. United States,* 91 F.3d 1388, 1391 (10th Cir.1996), *cert. denied,* 519 U.S. 1134, 117 S.Ct. 1000, 136 L.Ed.2d 879 (1997). "A defendant may establish cause for his procedural default by showing that he received ineffective assistance of counsel in violation of the Sixth Amendment." *United States v. Cook,* 45 F.3d 388, 392 (10th Cir.1995) (citation omitted). Put another way, "[a]n attorney's error provides cause to excuse a procedural default only if the error amounts to constitutionally ineffective assistance of counsel." *Rogers v. United States,* 91 F.3d at 1391 (citations omitted).

■ To establish a claim for ineffective assistance of counsel, a defendant

must show (1) that his counsel's performance fell below the constitutional minimum guaranteed by the Sixth Amendment, that is, "an objective standard of reasonableness," and (2) that his counsel's errors prejudiced him, that is, "were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington*, 466 U.S. 668, 687, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Prejudice is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* The Supreme Court recognizes that:

> There is a strong presumption that counsel's performance falls within the wide range of professional assistance, (citation omitted); the defendant bears the burden of proving that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy. (citation omitted). The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential. (citation omitted).

*Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986). A court can jump to the prejudice prong without first determining whether counsel's performance was deficient:

> [A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's

performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.

*Strickland*, 466 U.S. at 697, 104 S.Ct. 2052.

■ The same standards from *Strickland* apply in assessing the effectiveness of appellate counsel. *United States v. Cook*, 45 F.3d at 392. "When a defendant alleges his appellate counsel rendered ineffective assistance by failing to raise an issue on appeal, we examine the merits of the omitted issue." *Id.* (citation omitted). "If the omitted issue is without merit, counsel's failure to raise it 'does not constitute constitutionally ineffective assistance of counsel.'" *Id.* (quoting *United States v. Dixon*, 1 F.3d 1080, 1083 (10th Cir.1993)).

## ANALYSIS

### Failure to Argue Downward Departure

In her reply brief, the defendant withdrew all but one of the factors she originally argued should have been raised by her trial counsel. The factor still being argued is that her counsel should have sought a substantial assistance departure pursuant to U.S.S.G. § 5K1.1. The defendant says she gave officers information, specifically the telephone number of Ismael Ornelas, which they used in eventually locating and arresting Ornelas. The defendant contends her cooperation entitles her to a § 5K1.1 reduction.

■ A court may depart for substantial assistance only pursuant to § 5K1.1 of the Sentencing Guidelines, and it may not treat substantial assistance as a factor for downward departure pursuant to § 5K2.0. *United States v. Maldonado–Acosta*, 210 F.3d 1182, 1184 (10th Cir.2000). Section

5K1.1 of the Sentencing Guidelines "gives the government a power, not a duty," to file a motion for downward departure based on substantial assistance. *Wade v. United States,* 504 U.S. 181, 185, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992). Sentencing courts "generally have no authority to compel the government to file a downward departure motion under § 5K1.1 or to grant a downward departure under that section without a government motion." *United States v. Maldonado–Acosta,* 210 F.3d at 1183 (citation omitted). In short, "[t]he government's motion 'is an unequivocal condition precedent [and] the court may not act sua sponte' to determine that a defendant provided substantial assistance to the government." *Id.* (quoting *United States v. Vargas,* 925 F.2d 1260, 1267 (10th Cir.1991)). Absent a plea agreement in which the government limits its discretion, the court cannot grant a downward departure without a government's motion unless the government's " 'refusal was based on an unconstitutional motive such as the defendant's race or religion; or' " the government's stubborn refusal presents an egregious case because of " 'overwhelming evidence that the accused's assistance has been so substantial as to cry out for meaningful relief.' " *Id.* (quoting *United States v. Cerrato–Reyes,* 176 F.3d 1253, 1264 (10th Cir.1999)).

■ There is no dispute that the defendant did tell officers they were delivering the marijuana to Chicago and were to call an individual by the name of "Ismael" when they were six hours away from Chicago. Using the pager number given her for Ismael, the defendant made several calls from jail, but denied knowing Ismael's last name and ended her cooperation when told that she might be detained in a Chicago jail for a period after the con-

trolled delivery. The government characterizes the defendant's assistance in these terms:

> The defendant argues that her attorney should have sought a departure for her cooperation that led to arrest of Ismael Ornelas in July of 1995. This is a novel suggestion. "Ismael" was identified by the defendant in her initial interview with Gary Haak as the person that provided the marijuana to them. Apart from that the defendant refused to cooperate further and, in fact, lied to the officers about knowing the last name of Mr. Ornelas. After this, she failed to cooperate completely and in fact, engaged in further criminal activity. Mr. Ornelas was subsequently identified by investigators through phone records. No information provided by the defendant led to the arrest of Mr. Ornelas. Not only did she not cooperate, she obstructed justice. The idea that she should receive a downward departure for her conduct is simply laughable. Nor was her attorney ineffective for failing to advocate to the court a position so lacking in merit.

(Dk.268, pp. 15–16).

The defendant has failed to demonstrate any reasonable probability that her sentence would have been different had her trial counsel argued for a § 5K1.1 departure. First, the government did not file a § 5K1.1 motion and plainly does not believe her limited cooperation warrants any such departure. Second, the defendant does not allege any unconstitutional motive on the government's part or any circumstances amounting to an egregious case that would permit this court to grant a § 5K1.1 departure without a motion from the government. Third, the court was plainly aware at the time of sentencing

that the defendant had provided the government with some information about the supplier of the marijuana and the contact person in Chicago. This circumstance was part of the mix of information considered in sentencing the defendant at the bottom of the guideline range. In sum, the defendant's sentence would not have been different had her counsel argued this circumstance with greater emphasis or detail. The court finds that the defendant's trial counsel was not ineffective for failing to argue for a § 5K1.1 reduction.

■ Though withdrawing her arguments on the other factors for departure, the defendant still contends the counsel erred in not seeking a downward departure based on the combined weight of the factors. The Tenth Circuit recently held that the defendant's assistance with law enforcement is not a factor that can be considered pursuant to § 5K2.0. *United States v. Maldonado–Acosta*, 210 F.3d at 1184. Thus, aggregating the other factors, all of which the defendant withdrew in her reply brief, creates no reasonable probability of a different sentence here. The untenable arguments for those factors simply do not persuade this court that it probably would have departed downward on their combined weight. Trial counsel was not ineffective in failing to argue the same for a downward departure.

*Unreasonable Sentencing Strategy*

The defendant argues her counsel was ineffective in advising her not to talk with the probation officer preparing the presentence report, in not advising her about the two-point deduction available for acceptance of responsibility after sentencing, and in not objecting to the probation officer's opinion in the presentence report as speculative that the defendant had not withdrawn or terminated her criminal conduct. More specifically, the defendant contends if she had known of the acceptance of responsibility deduction then she would have cooperated with and persuaded the presentence report writer that she had voluntarily terminated or withdrawn from criminal conduct and was entitled to this reduction.

■ The defendant is unable to show any prejudice from following her trial counsel's sentencing strategy. There is no reasonable probability that the defendant's cooperation with the probation officer in preparing the presentence report would have entitled her to a reduction for acceptance of responsibility. Considering she denied her guilt before trial, forced the government to prove her guilt at trial, and then challenged the sufficiency of the evidence on appeal, the defendant plainly does not fall within the intended parameters of a U.S.S.G. § 3E1.1 reduction:

> This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse. Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt(*e.g.*, to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct). In each such instance, however, a determination that a defendant has accepted

responsibility will be based primarily upon pre-trial statements and conduct.

U.S.S.G. § 3E1.1, comment., n. 2. The defendant here did not proceed to trial in order to establish or preserve a legal defense; instead, she denied knowledge and intent and put the government to the burden of proving her factual guilt. The defendant points to no pre-trial statements or conduct to support a finding that she had accepted responsibility. Nor does the defendant attempt to show that this is one of those "extraordinary cases" in which an enhancement for obstruction of justice is imposed and the defendant has accepted responsibility for her criminal conduct. U.S.S.G. § 3E1.1, comment., n. 4. In light of these circumstances, the defendant had no reasonable probability of receiving this reduction from her post-conviction cooperation with the presentence report writer. Unable to show prejudice, the defendant's ineffective assistance of counsel fails. Moreover, the trial counsel's sentencing strategy was unquestionably sound and consistent with the defenses and strategy pursued at trial.

*Failure to Raise Suppression Issue on Direct Appeal*

■ Adopting by reference her co-defendant's arguments, she contends appellate counsel should have challenged the constitutionality of the Kansas regulatory inspection scheme for commercial vehicles. Her co-defendant husband argued on di-

rect appeal that the Trooper subsequently abandoned the purpose of his initial stop— a valid regulatory search—and that any further search after the inspection report had to be supported by reasonable suspicion or consent.[1] The co-defendant, however, did not dispute on appeal that searches authorized by the regulatory scheme in Kansas would "meet the test for a valid regulatory search set forth in *New York v. Burger*, 482 U.S. 691, 702–02, 107 S.Ct. 2636, 96 L.Ed.2d 601 (1987)." *United States v. Burch*, 153 F.3d 1140, 1142 (10th Cir.1998). The defendant now insists her appellate counsel was ineffective in not challenging the constitutionality of the Kansas regulatory scheme on direct appeal. "When a defendant alleges his appellate counsel rendered ineffective assistance by failing to raise an issue on appeal, we examine the merits of the omitted issue." *Cook*, 45 F.3d at 392. If the omitted issue proves to be meritless, counsel's failure to raise it does not constitute ineffective assistance.

■ Neither the co-defendant in his § 2255 brief nor the defendant in her § 2255 brief makes any attempt to show a viable constitutional challenge to the Kansas regulatory scheme for inspections of commercial carriers. This court rejected this challenge before trial relying on *State v. Williams*, 8 Kan.App.2d 14, 648 P.2d 1156 (1982), and *United States v. Seslar*, 996 F.2d 1058 (10th Cir.1993). *United States v. Burch*, 906 F.Supp. 592, 598

---

1. The Tenth Circuit rejected this argument concluding:

    "Trooper Smith's inspection of the tractor/trailer was within the scope of the safety inspection that he initially stopped Defendant to conduct, and therefore, 'the action was reasonably related in scope to the circumstances that first justified the interference.' (citation omitted)

    ... In this case, the record reveals no harassment of Defendant nor any evidence indicating that Trooper Smith conducted his inspection unreasonably. We therefore agree with the district court that the inspection qualifies as a reasonable search under the Fourth Amendment."
    153 F.3d at 1143.

(D.Kan.1995). There is nothing presented that raises any question about the correctness of that ruling. Even though the Tenth Circuit said it was assuming "the Kansas statute curtails inspecting officers' individual discretion, notifies commercial carriers like Defendant that they are subject to potential searches, and specifies what can be investigated pursuant to the regulatory scheme," it went ahead and discussed these factors summarily. *United States v. Burch*, 153 F.3d at 1142. Specifically, the panel noted that the Kansas regulatory scheme did "not give officers license to harass commercial carriers or to conduct unreasonable searches;" that the "[d]efendant '[could not] help but be aware that his property [was] subject to periodic inspections undertaken for specific purposes,' including inspection of the blocking and bracing; *Donovan [v. Dewey,]* 452 U.S. [594] at 600, 101 S.Ct. 2534, 69 L.Ed.2d 262 [ (1981) ]; *see* Kan.Admin.Regs. § 82–4–3(a)(4); 49 C.F.R. § 393.104;" and that "the regulatory scheme ... is validated by a state interest that 'outweighs the intrusiveness of [the] program of searches or seizures' of commercial carriers. *Seslar*, 996 F.2d at 1061." 153 F.3d at 1142–43. The defendant's summary challenge to the constitutionality of the Kansas regulatory inspection scheme for commercial carriers is found to be meritless.

IT IS THEREFORE ORDERED that the defendant Gale Burch's motion to vacate or correct sentence under 28 U.S.C. § 2255 (Dk.266) is denied.