**F I L E D**

**UNITED STATES COURT OF APPEALS**

**MAR 3 2003**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

MARK ALLEN GENTRY,

      Defendant - Appellant.

No. 02-3283
(D.C. No. 01-CR-40081-02-SAC )
(D. Kansas)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered

submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Defendant Mark Gentry appeals his sentence imposed after he pled guilty to one count of conspiracy to manufacture methamphetamine in violation of 21 U.S.C. § 846. He contends the district court erred in calculating his base offense level and criminal history category under the Sentencing Guidelines. We affirm.

In August 2001, suspecting the presence of a methamphetamine laboratory, police officers executed a search warrant at the James Shears residence in Lawrence, Kansas. Officers observed three individuals standing inside an open detached garage. The officers also detected the odor of anhydrous ammonia, which was subsequently discovered to be emanating from a one-quart jar of anhydrous ammonia found adjacent to the garage. The officers detained the individuals and, in searching Gentry, found two large bags containing a red grandular powder and several partially disassembled lithium batteries. The powder tested positive for the presence of pseudoephedrine, which along with lithium metal, is essential for manufacturing methamphetamine utilizing the anhydrous ammonia method. During the search of the residence, officers found numerous items consistent with a methamphetamine laboratory. Shears informed officers that he had been manufacturing methamphetamine with Gentry. Shears and Gentry were charged with conspiring to manufacture more than fifty grams of methamphetamine, attempting to manufacture more than fifty grams of methamphetamine, and possessing a listed chemical with intent to manufacture methamphetamine. Gentry pled guilty to conspiracy to manufacture methamphetamine in violation of 21 U.S.C. § 846 and was

sentenced to sixty-three months' imprisonment.

We review for clear error the district court's factual findings regarding sentencing and review de novo its legal interpretation of the Sentencing Guidelines. United States v. Maldonado-Acosta, 210 F.3d 1182, 1183 (10th Cir. 2000). Gentry contends the district court erred in calculating his base offense level at 30 based on the quantity of drugs attributable to him. He argues his base offense level should have been based on the amount of drugs he personally possessed at the time of the search rather than the amount of drugs recovered from the premises. He also argues that he was denied due process because he was not afforded the opportunity to examine Shears regarding the quantity of drugs found.

Gentry's plea agreement stated "the available evidence would establish that the total amount of actual methamphetamine attributable to [Gentry] for purposes of relevant conduct is at least 35 grams but less than 50 grams, corresponding to base offense level 30." Vol. I, Doc. 103, Agreement at 3. "This court will hold a defendant to the terms of a lawful plea agreement." United States v. Atterberry, 144 F.3d 1299, 1300 (10th Cir. 1998); see also Osborn v. Shillinger, 997 F.2d 1324, 1327 (10th Cir. 1993) (stating that a collateral attack on a conviction resulting from a plea agreement is generally confined to whether the underlying agreement was both counseled and voluntary).

The district court did not err in sentencing Gentry in accordance with his plea agreement and the presentence report. Under the Sentencing Guidelines, Gentry "is

accountable for all quantities of contraband [including controlled substances] with which he was directly involved and, in the case of a jointly undertaken criminal activity, all reasonably foreseeable quantities of contraband that were within the scope of the criminal activity that he jointly undertook." U.S.S.G. § 1B1.3, cmt. 2. Gentry pled guilty to conspiracy to manufacture methamphetamine and is accountable for all of the illicit drugs found during the search, not just the drugs found on his person. The record also belies his claim that he was denied an opportunity to examine Shears regarding the quantity of drugs found on the premises. At sentencing, the district court, on more than one occasion, advised Gentry and his counsel of Gentry's right to present evidence. Gentry acknowledged this right but did not produce, or request to produce, any evidence.

Gentry also claims that the district court erred in calculating his criminal history category by using his prior conviction for operating a water vessel while under the influence of alcohol. He argues the conviction was a "fish and game violation" and should have been excluded from his criminal history calculation under U.S.S.G. § 4A1.2(c)(1). Gentry's prior conviction was for violation of Kan. Stat. Ann. § 32-1131, operating a water vessel while under the influence of alcohol. His prior conviction clearly was not a "fish and game violation," but was more akin to a driving under the influence violation. The Sentencing Guidelines provide that "[c]onvictions for driving while intoxicated or under the influence (and similar offenses by whatever name they are known) are counted." U.S.S.G. § 4A1.2, cmt. 5. Gentry claims that his prior conviction

should have been excluded because the journal entry for the conviction was not signed by the district court judge. However, the journal entry was signed by the county attorney's office and by Gentry's counsel and Gentry does not dispute the existence of the conviction. In addition, the district court relied on a copy of the ticket evidencing his prior conviction. The court found the copy of the ticket indicated that Gentry was found guilty and "that the judge or the Clerk of the Court signed the back of the ticket for the offense which states that it is the . . . 'true and correct abstract of the court record in the case.'" Vol. IV at 6. This document, combined with the journal entry, was sufficient to establish the prior conviction. See United States v. Simpson, 94 F.3d 1373, 1381 (10th Cir. 1996) (holding that a certified docket sheet was adequate to establish a prior conviction for sentencing purposes).

We AFFIRM Gentry's sentence.

Entered for the Court

Mary Beck Briscoe
Circuit Judge