F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**JUN 25 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JERASON KUPFER,

    Defendant-Appellant.

No. 02-4223

(D.C. No. 00-CR-591-DKW)

(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BRISCOE** and **LUCERO,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal. <u>See</u> Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered

submitted without oral argument.

Defendant Jerason Kupfer appeals his sentence arguing the district court erred in

its application of U.S.S.G. § 2K2.1(c)(1)(B). We affirm.

The underlying facts of this case are set forth in detail in the district court's order.

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

ROA Vol. I, Doc. 66.  Defendant pled guilty to possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d).  At sentencing, the district court increased his offense level pursuant to U.S.S.G. § 2K2.1(c)(1)(B) after finding defendant used an unregistered firearm in connection with the commission of another offense which resulted in death.  Defendant was sentenced to a term of imprisonment of 46 months followed by 36 months of supervised release.

Defendant contends the district court erred in (1) rejecting his claim of self defense and, alternatively, (2) in applying the base offense level for voluntary manslaughter rather than for involuntary manslaughter.  We review for clear error the district court's factual findings regarding sentencing and review de novo its legal interpretation of the Guidelines.  United States v. Maldonado-Acosta, 210 F.3d 1182, 1183 (10th Cir. 2000).

U.S.S.G. § 2K2.1(c)(1)(B) states:

(c) Cross Reference
> (1) If the defendant used or possessed any firearm or ammunition in connection with the commission or attempted commission of another offense . . . apply--
> . . . .
>> (B) if death resulted, the most analogous offense guideline from Chapter Two, Part A, Subpart 1 (Homicide), if the resulting offense level is greater than that determined above.

Thus, in order for this section to apply, the government must establish by a preponderance of the evidence that defendant used a firearm in connection with the commission or attempted commission of a crime which resulted in death.  See United States v.

Farnsworth, 92 F.3d 1001, 1010 (10th Cir. 1996). The district court concluded that the cross reference applied because defendant used a firearm in the commission of the crimes of assault, aggravated assault, and voluntary manslaughter. Defendant argues he acted in self defense when he shot and killed the victim.

We agree with the district court and reject defendant's claim of self defense. Under Utah law, a "person is justified in using force intended or likely to cause death or serious bodily injury only if he or she reasonably believes that force is necessary to prevent death or serious bodily injury." Utah Code Ann. § 76-2-402(1). Further, "[a] person is not justified in using force . . . if he or she . . . was the aggressor or was engaged in a combat by agreement." Id. § 76-2-402(2)(c)(i). Here, the record demonstrates that defendant had no reason to reasonably believe that deadly force was necessary to prevent death or serious bodily injury to himself or anyone else. Notwithstanding the heated telephone exchange between defendant and the victim, there is no evidence the victim made any verbal or physical threats toward defendant when he arrived at defendant's residence. Indeed, when the victim arrived, he stated that he "just want[ed] to party" and even invited defendant to join them. ROA Vol. II at 113. Further, the evidence shows it was defendant and not the victim who was the aggressor. During their telephone conversation, defendant threatened the victim with the use of a firearm and dared the victim to "come on down." Id. at 114. After the victim arrived, defendant approached him brandishing a sawed-off shotgun. It was not until after this threatening behavior that

3

the victim started "back pedaling" and displayed and discharged his handgun. Id. at 66. Moreover, even if we did not conclude that defendant was the aggressor, we would agree with the district court's conclusion that defendant and the victim "were, at the very least, engaged in mutual combat which would also preclude application of self defense." ROA Vol. I, Doc. 66 at 10. We conclude the district court did not err in rejecting defendant's claim of self defense.

Alternatively, defendant argues the district court erred in using the Sentencing Guidelines range for voluntary manslaughter rather than the range for involuntary manslaughter. Initially, we note that when the sentencing court applies the most analogous offense guideline, "a perfect match is not required." United States v. Fortier, 180 F.3d 1217, 1229 (10th Cir. 1999).

Involuntary manslaughter "is the unlawful killing of a human being without malice. . . [i]n the commission of an unlawful act not amounting to a felony, or in the commission in an unlawful manner, or without due caution and circumspection, of a lawful act which might produce death." 18 U.S.C. § 1112(a). Defendant's conduct was both unlawful and a felony. In contrast, voluntary manslaughter "is the unlawful killing of a human being without malice . . . [u]pon a sudden quarrel or heat of passion." 18 U.S.C. § 1112(a). The evidence revealed that defendant was involved in a heated telephone exchange with the victim and challenged him to "come on down." ROA Vol. II at 114. Further, shortly after the victim arrived, defendant learned the victim had

4

allegedly sexually assaulted defendant's sister. Defendant then approached the victim brandishing the sawed-off shotgun. Based on these facts, we conclude that voluntary manslaughter is the most analogous homicide guideline.

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge