F I L E D
United States Court of Appeals
Tenth Circuit

APR 20 2000

PATRICK FISHER
Clerk

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

vs.

JOHNNY BAZILE, JR.,

      Defendant - Appellant.

No. 99-5170

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
(D.C. No. 99-CR-27-K)

---

Submitted on the briefs:[*]

Stephen C. Lewis, United States Attorney, and Thomas Scott Woodward, First Assistant United States Attorney, Tulsa, Oklahoma, for Plaintiff - Appellee.

Stephen J. Knorr, Federal Public Defender, and Jack Schisler, Assistant Federal Public Defender, Tulsa, Oklahoma, for Defendant - Appellant.

---

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.

---

**KELLY**, Circuit Judge.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause therefore is ordered submitted without oral argument.

Defendant-Appellant Johnny Bazile, Jr. was convicted on three counts of use of a firearm during a crime of violence, 18 U.S.C. § 924(c), and two counts of armed robbery, interference with interstate commerce, 18 U.S.C. § 1951. The convictions arose from his participation in a series of armed robberies of businesses around Tulsa, Oklahoma, including a motel, carwash and a pawn shop. During the course of the pawn shop robbery, a struggle ensued and Mr. Bazile shot two men. He was sentenced to life imprisonment, plus 497 months. On appeal, he challenges the life sentence on count 4, imposed for a second or subsequent conviction of § 924(c), in connection with the pawn shop robbery. Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a) and we reverse.

U.S.S.G. § 2K2.4(a) (1998) states: "If the defendant, whether or not convicted of another crime, was convicted under 18 U.S.C. § 844(h), § 924(c), or § 929(a), the term of imprisonment is that required by statute." The current version of 18 U.S.C. § 924(c) specifically provides that a person convicted of a second conviction of § 924(c) shall "be sentenced to a term of not less than 25 years." 18 U.S.C.A. § 924(c)(1)(C)(i) (West Supp. 1999). This particular

language became part of the statute as a result of November 1998 amendments.[1]

See Act to Throttle the Criminal Use of Guns, Pub. L. 105-386 (1998). The district court relied upon the statute and sentenced Mr. Bazile to life imprisonment.

Mr. Bazile argues that U.S.S.G. § 2K2.4(a) was drafted when § 924(c) mandated specific sentences, rather than a range of punishment. See 18 U.S.C.A. § 924(c)(1) (West Supp. 1997) (requiring that "person shall be sentenced to imprisonment for twenty years" for second conviction of § 924(c)). The drafters of the Sentencing Guidelines did not foresee the changes implemented by the November 1998 amendments and, therefore, there is no applicable guideline for the current version of § 924(c). Because no guideline is applicable, Mr. Bazile should be sentenced under "the most analogous guideline, [see U.S.S.G. § 2X5.1] which in Mr. Bazile's view is U.S.S.G. § 2B3.1 (Robbery)." Aplt. Br. at 5.

A sentencing guideline does not become inapplicable simply because the underlying statutory punishment was changed or permits imprisonment for a term of years. The two other statutes covered by § 2K2.4(a) – §§ 844(h) and 929(a) – are good examples of this. For instance, the current punishment under § 844(h) is mandatory (i.e. 10 years for a first conviction and 20 for a second), but the

---

[1]The Ex Post Facto clause is not implicated because the underlying robberies did not take place until December 1998, at least a month after the November amendments became effective.

sentence was previously for a term of years. Compare 18 U.S.C.A. § 844(h) (West Supp. 1999) with 18 U.S.C.A. § 844(h) (West Supp. 1995). Under § 929(a), a defendant is to be imprisoned "for not less than five years." 18 U.S.C.A. § 929(a) (West Supp. 1999). We recognize that a Guideline may not trump clear statutory language. See United States v. Santos, 195 F.3d 549, 551 (10th Cir. 1999). However, the Guideline and the statute can be reconciled in this case.

Our disposition turns upon the meaning of the word "required" as used in § 2K2.4(a). Websters Ninth New Collegiate Dictionary (1991) defines "require" as "to demand as necessary or essential: . . . to impose a compulsion or command on." Black's Law Dictionary defines it as "to direct, order, demand, instruct, command, claim, compel, request, need, exact." Black's Law Dictionary (6th ed. 1990). In applying these definitions to § 2K2.4(a), it is clear that a judge is only "compelled" or "commanded" to impose the minimum sentence imposed by the statute, i.e. 25 years for a second conviction of § 924(c). Therefore, a judge can only impose a sentence above the minimum "required" by § 2K2.4(a) and § 924(c) if the defendant is charged with other crimes raising the offense level above 300 months. If a defendant's criminal history category and offense level indicates a term higher than the minimum under the statute, then the judge may impose sentence under the greater term.

We certainly recognize the argument that life is at least the equivalent of "not less than 25 years," but it is not "required." At the very least the amendment to 18 U.S.C. § 924(c) creates a genuine ambiguity when read against the current version of U.S.S.G. § 2K2.4(a). Under the rule of lenity, we interpret ambiguous statutes, as well as Sentencing Guidelines, in favor of the defendant and impose the shorter sentence. See United States v. R.L.C., 503 U.S. 291, 305-06 (1992); see also Mahn v. Gunter, 978 F.2d 599, 601-02 (10th Cir. 1992).

The district court was clearly not "required" to sentence Mr. Bazille to life imprisonment on his second § 924(c) conviction. The Presentence Report calculated Mr. Bazille's offense level as 28 with a criminal history category of IV. II R.O.A. at 12. On appeal, Mr. Bazille contends, and the government does not dispute, that the offense level could be calculated no higher than 33, resulting in a range of imprisonment from 188 to 235 months. This range is significantly less than the statutory minimum "required" by § 924(c), and therefore, the judge should have sentenced Mr. Bazille to no more than 25 years.

REMANDED to the district court with instructions to vacate the sentence and resentence Mr. Bazille consistent with this opinion.