**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 23 2000**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

VICTOR C. WHEELER,

Defendant-Appellant.

No. 00-3069

---

Appeal from the United States District Court
for the District of Kansas
(D.C. No. 99-CR-10129-03-MLB)

---

Submitted on the briefs:

Jackie N. Williams, United States Attorney, David M. Lind, Assistant United States Attorney, Wichita, Kansas, for Plaintiff-Appellee.

David J. Phillips, Federal Public Defender for the District of Kansas, Timothy J. Henry, Assistant Federal Public Defender for the District of Kansas, Wichita, Kansas, for Defendant-Appellant.

---

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.

---

**MURPHY**, Circuit Judge.

After examining the briefs and appellate record, this court has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant, Victor C. Wheeler, was originally charged in a three-count complaint with robbery in violation of 18 U.S.C. § 1951, brandishing a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii), and using a short-barreled shotgun during the commission of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(B)(i). All three charges stemmed from the robbery of a Sonic Drive In restaurant located in Wichita, Kansas. Wheeler committed the robbery with two co-defendants. Pursuant to the terms of a written plea agreement, Wheeler waived indictment and pleaded guilty to a one-count information in which he was charged with brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). The district court sentenced Wheeler to 106 months' imprisonment. In this appeal, Wheeler argues that the district court erred when it sentenced him to a term of imprisonment in excess of eighty-four months. Exercising jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), this court **remands** to the district court for resentencing.

Pursuant to § 2K2.4(a) of the United States Sentencing Guidelines ("U.S.S.G."), a defendant convicted of violating 18 U.S.C. § 924(c) must be sentenced to the term of imprisonment "required by statute." In Wheeler's case, the applicable statute is 18 U.S.C. § 924(c)(1)(A)(ii) which provides, in relevant part, as follows:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence . . .
> . . .
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of *not less than 7 years* . . .

(emphasis added). The district court interpreted § 924(c)(1)(A)(ii) as authorizing the imposition of a sentence greater than seven years. This court "review[s] for clear error the district court's factual findings regarding sentencing and review[s] de novo its legal interpretation of the Guidelines." *United States v. Maldonado-Acosta*, 210 F.3d 1182, 1183 (10th Cir. 2000).

On appeal, Wheeler argues the district court erred when it concluded that it could sentence Wheeler to a term of incarceration in excess of the mandatory minimum sentence of eighty-four months provided in § 924(c)(1)(A)(ii). Wheeler's argument fails in light of this court's opinion in *United States v. Bazile*, 209 F.3d 1205 (10th Cir. 2000), which was decided after Wheeler was

-3-

sentenced. In *Bazile*, this court concluded that a sentencing court has the power to impose a sentence greater than the statutory mandatory minimum required by § 924(c) if the "defendant's criminal history category and offense level indicates a term higher than the minimum under the statute." *Id*. at 1207. In so doing, however, the court must calculate the defendant's criminal history category and then use the most analogous sentencing guideline to calculate the defendant's offense level, thereby arriving at a guidelines sentencing range for the defendant. *See id*. Only if some portion of the guidelines range falls above the minimum mandatory can the district court impose a sentence above the minimum mandatory. *See id*.

By applying the reasoning in *Bazile* to the facts in this case, we conclude that § 924(c)(1)(A)(ii) does more than fix a mandatory minimum sentence of seven years. Section 924(c)(1)(A)(ii) establishes a range of sentences within which Wheeler may be sentenced. In Wheeler's case, the minimum mandatory sentence required by § 924(c)(1)(A)(ii) is seven years. Wheeler's sentencing range must be determined by calculating Wheeler's criminal history category and total offense level and then applying the most analogous sentencing guideline to arrive at a guidelines sentencing range. If the upper limit of the guidelines range is less than seven years, Wheeler must be sentenced to the mandatory minimum seven-year sentence. *Id*. If the low end of the guidelines range is less than seven

years and the high end is greater than seven years, Wheeler may be sentenced, in the district court's discretion, to a term of incarceration no less than seven years but no greater than the upper limit of the guidelines sentence. If the lower limit of the guidelines sentencing range exceeds seven years, Wheeler must be sentenced within the guidelines range.

At the sentencing hearing, the district court employed the following method to determine Wheeler's sentence. The court first used U.S.S.G. § 2B3.1[1] to arrive at an informal calculation of Wheeler's offense level.[2] Section 2B3.1 provides for a base offense level of twenty for the crime of robbery. The district court awarded Wheeler three points for acceptance of responsibility and arrived at a total offense level of seventeen. Based on Wheeler's criminal history category of V, the court then calculated Wheeler's sentence under the sentencing guidelines at forty-six to fifty-seven months. The court then added twenty-two months[3] to the

---

[1]On appeal, neither party contests the use of U.S.S.G. § 2B3.1 as the most analogous sentencing guideline.

[2]The Presentence Investigation Report does not contain a calculation of Wheeler's offense level although it does calculate Wheeler's criminal history category at V. At sentencing, the district court indicated that it had requested the probation officer to calculate Wheeler's offense level and guidelines sentence using U.S.S.G. § 2B3.1. The record on appeal does not indicate whether the parties were provided with a written copy of the offense-level calculation prior to Wheeler's sentencing.

[3]The 22 months represents the difference between the low end of Wheeler's guidelines sentencing range and the low end of the range calculated for one of his co-defendants. The district court employed this method to ensure that Wheeler,

seven-year minimum mandatory sentence to arrive at Wheeler's 106-month sentence.

Although we agree with the district court's conclusion that Wheeler could receive a sentence in excess of seven years, the methodology used by the court to determine Wheeler's sentence does not comport with the directive given by *Bazile*. Additionally, this court notes that the district court, when calculating Wheeler's offense level, did not add five points to Wheeler's base offense level pursuant to U.S.S.G. § 2B3.1(b)(2)(C).[4] The court expressed its belief that applying the five-level increase would constitute double counting. This court notes that, in this case, U.S.S.G. § 2B3.1 is not used to determine Wheeler's sentence for the underlying offense of robbery. As the most analogous sentencing guideline, § 2B3.1 is employed solely as a means to calculate the upper end of the sentencing range authorized by 18 U.S.C. § 924(c)(1)(A)(ii). Because Wheeler was convicted only of the firearms charge and not the underlying robbery, increasing Wheeler's base offense level by five levels pursuant to U.S.S.G. § 2B3.1(b)(2)(C) for the sole purpose of calculating the guidelines sentencing range does not constitute double counting. *Cf.* U.S.S.G. § 2K2.4 comment. (n.2)

_____

who had a criminal history category of V, received a greater sentence than his co-defendant who had a criminal history category of I.

[4]U.S.S.G. § 2B3.1(b)(2)(C) provides that a defendant's base offense level shall be increased by five levels if, during the commission of the robbery, "a firearm was brandished, displayed, or possessed."

(indicating that the five-level increase constitutes double counting only when the sentence imposed under 18 U.S.C. § 924(c) is in conjunction with a sentence imposed for the underlying offense of robbery).

The government has confessed error in this case and expressed its opinion that the district court erred when it sentenced Wheeler to a term of incarceration in excess of eighty-four months. This court, however, is not bound by the government's confession of error. The government reads *Bazile* as requiring the district court to calculate a defendant's guidelines sentencing range only if the defendant is actually *charged* with the underlying offense that gives rise to the § 924(c) conviction. Wheeler was charged with the § 924(c) violation in a one-count information; he was not charged with the underlying offense of robbery. Thus, the government asserts that the district court was not required to calculate Wheeler's guidelines sentencing range but was only required to sentence him to the seven-year mandatory minimum. It is evident from our disposition of Wheeler's appeal that the government misreads *Bazile*.

Although we conclude that the methodology used by the district court to determine Wheeler's sentence was erroneous, the government's contention that Wheeler may not be sentenced to a term in excess of eighty-four months is also erroneous. *See Bazile*, 209 F.3d at 1207. Consequently, this court **remands** to

the district court to vacate Wheeler's sentence and resentence him consistent with this opinion.