**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 28 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CARLOS LAVAR CROSBY,

Defendant-Appellant.

No. 00-3059
(District of Kansas)
(D.C. No. 99-CR-10129-01-MLB)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this court has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant, Carlos Lavar Crosby, and two co-defendants, Victor C. Wheeler and Robert Hong, were charged in a three-count complaint filed in the United States District Court for the District of Kansas. The charges stemmed from the robbery of a restaurant located in Wichita, Kansas. Crosby was subsequently charged in a one-count information with brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). In exchange for his plea of guilty to the firearms charge, the government agreed to dismiss the three-count complaint and to not indict Crosby on any other charges stemming from the robbery. Crosby was sentenced to a term of ninety months' imprisonment. In this appeal, Crosby argues that the district court erred when it sentenced him to a term of imprisonment in excess of eighty-four months. The government confesses error and concedes that, under the facts of this case, the district court erred. Exercising jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), this court **remands** to the district court for resentencing.

Section 2K2.4(a) of the United States Sentencing Guidelines ("U.S.S.G.") provides that a defendant convicted of violating 18 U.S.C. § 924(c) must be sentenced to the term of imprisonment "required by statute." The applicable statute, 18 U.S.C. § 924(c)(1)(A)(ii) provides, in relevant part, as follows:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States,

uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence . . .

. . .

(ii) if the firearm is brandished, be sentenced to a term of imprisonment of *not less than 7 years* . . .

(emphasis added). In arriving at its sentencing decision, the district court interpreted 18 U.S.C. § 924(c)(1)(A)(ii) as authorizing a sentence greater than seven years. The district court then added six months to the minimum seven-year sentence and sentenced Crosby to ninety months' incarceration. This court conducts a *de novo* review of the district court's interpretation of 18 U.S.C. § 924(c)(1)(A)(ii). *See United States v. Maines*, 920 F.2d 1525, 1528 n.4 (10th Cir. 1990). Additionally, "[w]e review for clear error the district court's factual findings regarding sentencing and review *de novo* its legal interpretation of the Guidelines." *United States v. Maldonado-Acosta*, 210 F.3d 1182, 1183 (10th Cir. 2000).

After Crosby was sentenced, this court issued its opinion in *United States v. Bazile*, 209 F.3d 1205 (10th Cir. 2000). In *Bazile*, we concluded that the sentencing court was authorized to impose a sentence greater than the statutory mandatory minimum of twenty-five years required by § 924(c)(1)(C)(I) if the "defendant's criminal history category and offense level indicates a term higher than the minimum under the statute." *Id*. at 1207. Thus, this court has interpreted § 924(c) as establishing a range within which courts can sentence

defendants; the low end of that range is the minimum mandatory sentence required by the statute. *See id*. In this case, the low end of the range is the minimum mandatory sentence of seven years imposed by § 924(c)(1)(A)(ii). [1] The sentencing court must also examine the most analogous sentencing guideline to determine whether the high end of the sentencing range under the guidelines exceeds the statutory minimum mandatory. *See United States v. Wheeler*, No. 00-3069, 2000 WL 1576135, at *2 (10th Cir. 2000).

At the sentencing hearing in the instant case, the district court applied U.S.S.G. § 2B3.l to the facts in this case,[2] and calculated Crosby's offense level at seventeen.[3] Based on Crosby's criminal history category of III, the resulting guidelines range of imprisonment fell between thirty and thirty-seven months.

---

[1] The district court concluded that the high end of the range is ten years. On appeal, the government argues that the district court's conclusion is erroneous and that the high end of the range is life imprisonment. In light of the conclusion, *infra*, that Crosby cannot be sentenced to a term of incarceration greater than 84 months, it is unnecessary for this court to address this issue. We acknowledge, however, that the government's position is more consistent with this court's holding in *United States v. Bazile*, 209 F.3d 1205, 1207 (10th Cir. 2000).

[2] On appeal, the government does not contest the district court's use of U.S.S.G. § 2B3.1 as the most analogous sentencing guideline. This court expresses no opinion on the question.

[3] U.S.S.G. § 2B3.1 provides for a base offense level of 20 for the crime of robbery. The district court awarded Crosby three points for acceptance of responsibility, arriving at total offense level of 17. In this appeal, the government does not contest the district court's calculation and this court does not address the issue.

This court has reviewed U.S.S.G. § 2B3.1, the Presentence Investigation Report, and the transcript of Crosby's sentencing hearing and concludes that Crosby's offense level cannot exceed twenty-four. Consequently, the maximum sentence Crosby could receive under the sentencing guidelines is seventy-eight months. Because the maximum sentence Crosby could receive by applying the most analogous sentencing guideline is less than the statutory minimum mandatory sentence required by 18 U.S.C. § 924(c)(1)(A)(ii), the district court erred when it sentenced Crosby to a term of incarceration in excess of the eighty-four month minimum required by the statute. *See id.*

Although this court is not bound by the government's confession of error, we conclude that the district court erred when it sentenced Crosby to a term of incarceration greater than seven years. Consequently, this court **remands** to the

district court to vacate Crosby's sentence and resentence him consistent with this opinion.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge