**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 20 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

VICTOR C. WHEELER,

    Defendant-Appellant.

No. 00-3405
(District of Kansas)
(D.C. No. 99-CR-10129)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BARRETT**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this court has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant, Victor C. Wheeler, pleaded guilty to a charge of brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii).

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Wheeler was originally sentenced to a term of 106 months' imprisonment. Wheeler appealed and this court instructed the district court to vacate Wheeler's sentence and resentence him. *See United States v. Wheeler*, 230 F.3d 1194 (10th Cir. 2000). On remand, Wheeler was resentenced to ninety-two months' incarceration. Wheeler then brought the appeal currently before this court, arguing the district court erred when it departed upward from the minimum mandatory sentence of eighty-four months. Exercising jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), this court **remands** to the district court for resentencing.

Section 2K2.4 of the United States Sentencing Guidelines ("U.S.S.G.") was amended after Wheeler's initial sentencing and the district court properly applied the current version of § 2K2.4 when it resentenced him. *See United States v. Easterling*, 157 F.3d 1220, 1225 (10th Cir. 1998) ("It is well-settled that when a district court vacates a sentence and resentences a defendant, the court is governed by the guidelines in effect at the time of resentence, subject of course to the ex post facto clause." (quotation omitted)).[1] As amended, § 2K2.4(a)(2) now provides that when a defendant is convicted of violating 18 U.S.C. § 924(c), "the guideline sentence is the minimum term of imprisonment required by

---

[1]Neither party argues that the application of the current version of U.S.S.G. § 2K2.4 at Wheeler's resentencing violated the Ex Post Facto Clause.

-2-

statute." In Wheeler's case, the applicable statute is 18 U.S.C. § 924(c)(1)(A)(ii) which provides, in part:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence . . . if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years . . . .

The application notes to § 2K2.4 state that, "[a] sentence above the minimum term required by 18 U.S.C. § 924(c) . . . is an upward departure from the guideline sentence." U.S.S.G. § 2K2.4, cmt. n.1 (2000). Thus, the ninety-two month sentence imposed by the district court at Wheeler's resentencing is an upward departure under the guidelines because it exceeds eighty-four months.

When reviewing a district court's decision to depart from the sentencing guidelines, this court determines

> (1) whether the factual circumstances supporting a departure are permissible departure factors; (2) whether the departure factors relied upon by the district court remove the defendant from the applicable Guideline heartland thus warranting a departure, (3) whether the record sufficiently supports the factual basis underlying the departure, and (4) whether the degree of departure is reasonable.

*United States v. Collins*, 122 F.3d 1297, 1302 (10th Cir. 1997). These four questions are reviewed under a unitary abuse of discretion standard with legal

conclusions reviewed *de novo* and findings of fact reviewed for clear error. *See United States v. Duncan*, 242 F.3d 940, 944 (10th Cir. 2001).

The application notes to § 2K2.4 specifically allow a sentencing court to base an upward departure on "the seriousness of the defendant's criminal history." U.S.S.G. § 2K2.4, cmt. n.1 (2000). When the district court resentenced Wheeler to ninety-two months' imprisonment, it stated, "the Court finds pursuant to Section 2K2.4, application note 1, of the guidelines that an upward departure is warranted in this case because of the Defendant's criminal history." Thus, the ground upon which the district court based the departure is a permissible departure factor.

Once the district court identifies a permissible departure factor, it must then determine whether the factor moves the defendant outside the applicable guideline heartland. *See Collins*, 122 F.3d at 1303. The district court must first determine what constitutes a guideline's heartland, and must then identify the factual basis for a conclusion that the instant case is atypical. *See id*. at 1304; *see also United States v. Sicken*, 223 F.3d 1169, 1173 (10th Cir. 2000). Wheeler argues that the district court made no factual findings to support its conclusion that his criminal history supported an eight-month upward departure and the government concedes error on this point. We agree with the parties that the lack of factual findings makes it impossible for this court to review the district court's

-4-

conclusion that Wheeler's criminal history takes him outside the heartland of defendants convicted of violating 18 U.S.C. § 924(c)(1)(A)(ii) and sentenced pursuant to U.S.S.G. § 2K2.4(a)(2). We must, therefore, remand for resentencing.

On remand, the district court will be guided by the application notes to § 2K2.4, one of which specifically prohibits a court from applying Chapter Four of the guidelines when sentencing a defendant pursuant to § 2K2.4. *See* U.S.S.G. § 2K2.4, cmt. n.3 (2000) ("Do not apply . . . Chapter Four (Criminal History and Criminal Livelihood) to any offense sentenced under this guideline."). Chapter Four contains guidelines relating to the calculation of a defendant's criminal history category. Thus, although a Presentence Investigation Report ("PSR") containing a calculation of Wheeler's criminal history category was prepared before Wheeler's initial sentencing, that calculation will be of limited use during the resentencing.

Consistent with Application Note 1, the district court may consider only the *seriousness* of Wheeler's criminal history and determine whether it takes him outside the heartland. *See id.*, cmt. n.1 (2000). Thus, substantive information contained in the PSR relating to the nature of Wheeler's criminal history can be considered by the district court. The court must identify the specific details of that history that take Wheeler outside the heartland. As an example, Application

Note 1 suggests that a defendant whose serious criminal history would have resulted in his classification as a career offender if § 4B1.1 of the guidelines applied, may be outside the heartland.    *See id.* ("A departure may be warranted . . . in a case in which the defendant is convicted of an 18 U.S.C. §924(c) . . . offense and has at least two prior felony convictions for a crime of violence or a controlled substance offense that would have resulted in application of § 4B1.1 (Career Offender) if that guideline applied to these offenses.").

Wheeler also argues that the methodology employed by the district court to arrive at the degree of the upward departure was flawed. The district court explained its methodology as follows:

> I agree that if this was a guideline case that the guideline range would be 77 to 96 months. Now, if you spread over that guideline range six criminal history category levels, you come out with approximately three months per level. And at criminal history category 5 that means you take three months, multiply it times five, to reach a 15 month—I don't know that it's 15 months of anything. It's just a 15 month figure. If you add that 15 month figure to the 77 month bottom guideline sentence, and that equals a 92 month sentence, which in effect is an [8] month sentence departing from the 84 month mandatory minimum.

We agree that the district court's explanation of the methodology it used does not provide this court with a sufficient basis upon which to determine whether the degree of the departure was reasonable.

While the district court employed a methodology capable of being reduced to a mathematical formula, the proper focus is not on crafting such a formula. A

sentencing court, instead, must "specifically articulate reasons for the degree of departure using any reasonable methodology hitched to the Sentencing Guidelines, including extrapolation from or analogy to the Guidelines." *United States v. Bartsma*, 198 F.3d 1191, 1196 (10th Cir. 1999) (quotation omitted). While the district court's methodology was ostensibly hitched to the guidelines, the court simply spread the difference between the low and high ends of the hypothetical guideline range over the total number of possible criminal history categories. This mathematical formula, standing alone, is not an appropriate use of the guidelines to justify the degree of an upward departure. If, on remand, the district court again departs upward, it must support the degree of that departure with an appropriate and reviewable explanation.

This court **remands** to the district court to vacate Wheeler's sentence and resentence him consistent with this opinion.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge