**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 11 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

VICTOR C. WHEELER,

Defendant-Appellant.

No. 02-3101
(D.C. No. 99-CR-10129-03-MLB)
(D. Kan.)

---

**ORDER AND JUDGMENT** [*]

---

Before **HENRY** , **BARRETT** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

[*]      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant seeks review of his sentence, imposed following his plea of guilty to a one-count information charging him with brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). [1] Defendant challenges the district court's decision to depart upward from the statutory mandatory minimum sentence of eighty-four months, which is the sentence directed by § 2K2.4 of the United States Sentencing Guidelines (USSG), and he challenges the degree of the district court's departure. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we reverse and remand for imposition of a sentence of eighty-four months. [2]

Defendant's First Sentence

Defendant and two co-defendants were convicted for their roles in an armed robbery of a Sonic Restaurant in Wichita, Kansas. The district court initially imposed a sentence of 106 months on defendant, and he appealed. We concluded on appeal that, under the version of USSG § 2K2.4 then in effect, the district

---

[1]     The original charges also included robbery (18 U.S.C. § 1951) and using a short-barreled shotgun during a crime of violence (18 U.S.C. § 924(c)(1)(B)(i)).

[2]     Defendant has cited as supplemental authority the Supreme Court's decision in *Blakely v. Washington*, 124 S. Ct. 2531 (2004) (invalidating state sentence above maximum of standard statutory range, based on sentencing judge's findings, as violative of defendant's Sixth Amendment right to jury trial). In light of our disposition in this case, we need not consider the effect of *Blakely*, if any, on the sentence imposed by the district court.

court was authorized to impose a sentence above the statutory mandatory minimum. *United States v. Wheeler*, 230 F.3d 1194, 1196-97 (10th Cir. 2000) (*Wheeler I*). We further concluded, however, that the methodology the district court used to determine defendant's sentence was erroneous as a matter of law. *Id.* at 1195-96. We therefore remanded the matter for resentencing. *Id.* at 1197.

Defendant's Second Sentence

The district court resentenced defendant using the 2000 version of the Sentencing Guidelines, which amended USSG § 2K2.4 to provide that the guideline sentence for a violation of 18 U.S.C. § 924(c) is the minimum term of imprisonment required by the statute. For defendant, that mandatory minimum is eighty-four months. 18 U.S.C. § 924(c)(1)(A)(ii). Application Note 1 to the amended guideline provides that a sentence above the minimum term of § 924(c) constitutes an upward departure. USSG § 2K2.4, cmt. n.1.

At the resentencing hearing, counsel for the government acknowledged that the new guideline sentence was the mandatory minimum of eighty-four months and specifically stated that the government was not asking for an upward departure. Counsel further stated that eighty-four months would be a "fair sentence," that he did not see a ground for an upward departure, and that had he been seeking an upward departure, he would not have dismissed the other

charges. R., Vol. III, doc. 94, at 11. Defense counsel also argued in favor of an eighty-four-month sentence. But the district court decided to depart upward once again, based on defendant's criminal history. This time, the district court imposed a sentence of ninety-two months. Defendant appealed.

Applying a unitary abuse of discretion standard of review on appeal, we concluded that a defendant's serious criminal history is a permissible ground for departure under § 2K2.4, but that the district court had not made adequate factual findings to support a departure here. *United States v. Wheeler*, 28 Fed. Appx. 813, 815-16 (10th Cir. Nov. 20, 2001) (*Wheeler II*). We held that the district court "must first determine what constitutes a guideline's heartland, and must then identify the factual basis for a conclusion that the instant case is atypical." *Id.* at 815. We also held that the district court had not provided a sufficient explanation of its methodology for us to determine whether the degree of its departure was reasonable. *Id.* at 816-17. We therefore remanded the case for resentencing once again.

By way of instruction on remand, we advised the district court to take guidance from the application notes to § 2K2.4, including Application Note 3, which prohibits a court from applying Chapter 4 of the Guidelines–relating to criminal history and criminal livelihood–when sentencing a defendant under § 2K2.4. *Wheeler II*, 28 Fed. Appx. at 816. Consistent with Application Note 1,

-4-

which permits an upward departure to reflect the seriousness of a defendant's criminal history, we directed that "the district court may consider only the *seriousness* of Wheeler's criminal history and determine whether it takes him outside the heartland." *Id.* We advised the district court that it "must identify the specific details of [defendant's criminal] history that take [him] outside the heartland." *Id.* Finally, we cautioned the district court that if it chose to depart upward again, "it must support the degree of that departure with an appropriate and reviewable explanation." *Id.* at 817.

Defendant's Third Sentence

On remand, the government and defense counsel filed resentencing memoranda. In its memorandum, the government noted that defendant had four prior juvenile adjudications, but no prior criminal convictions, and that the district court was not permitted to apply Chapter 4 of the Guidelines. Beyond that, the government merely repeated this court's admonition in *Wheeler II* that the district court must articulate its reasons for any upward departure. The government did not request an upward departure, nor did it argue that defendant's criminal history was so serious as to take him outside the heartland of § 2K2.4.

For his part, defendant argued that the changes made to the Sentencing Guidelines since the initial sentencing had substantially altered the use of

-5-

criminal history as a ground for imposing a sentence above the statutory minimum. Defendant noted that the heartland sentence under USSG § 2K2.4 is the mandatory minimum sentence, and that the only example Application Note 1 provides of a situation that might warrant departure due to a defendant's criminal history is when the defendant's criminal history would qualify him as a career offender were it not for the fact that the Chapter 4 guidelines do not apply to § 946(c) offenses. Defendant pointed out that even if the Chapter 4 guidelines applied to him, he would not qualify as a career offender, and he argued that his criminal history was not so serious as to take him outside the heartland.

In its Memorandum and Order, the district court rejected defendant's arguments and again made an upward departure based on defendant's criminal history. The district court based its analysis on four factors outlined by this court in *United States v. Bartsma*, 198 F.3d 1191, 1195 (10th Cir. 1999). Those factors are: (1) whether the factual circumstances supporting a departure are permissible factors; (2) whether the factors remove the defendant from the guideline heartland, warranting a departure; (3) whether the record supports the factual basis underlying the departure; and (4) whether the degree of departure is reasonable. *Id.*

The district court determined that the first factor was satisfied by this court's statement in *Wheeler II* that a defendant's serious criminal history is a

permissible ground for departure under § 2K2.4. Moving on to the third factor, the court recited the facts of the present offense and those of a similar juvenile offense and determined that "the facts set forth in the presentence report regarding defendant's juvenile record present a sufficient factual basis to support an upward departure based upon the seriousness of defendant's criminal history," R. Vol. I, doc. 104, at 8.

Returning to the second factor, the court did not first determine what constitutes the heartland under § 2K2.4, as we had directed it to do in *Wheeler II* . Rather, the court looked at the introductory comments to Chapter 4 concerning the relationship between a defendant's criminal history and the purposes of sentencing and the background commentary to USSG § 4A1.3 concerning departures based on the failure of the defendant's criminal history category to adequately reflect the seriousness of his criminal history or the likelihood of recidivism. Guided by these comments, [3] the court found that the "similarity" and "relative close proximity" of the instant offense and a prior juvenile offense were "accepted guideline factors which demonstrate a serious criminal history

---

[3]      Defendant argues on appeal that the district court's consideration of these policies expressed in Chapter 4 violated the prohibition contained in Application Note 3 to USSG § 2K2.4 against applying Chapter 4 to any offense sentence under USSG § 2K2.4. In light of our ultimate disposition here, we need not decide whether the district court's reliance on these general policies was error.

sufficient to remove defendant from the heartland sentence." R. Vol. I, doc. 104, at 10.

Moving on to the fourth factor, the court stated it would determine the degree of departure by analogizing to the Sentencing Guidelines. The court explained its methodology as follows:

> Under the guidelines, defendant's criminal history category is V and his offense level is 22. <u>Wheeler I</u> at 1196-97. This yields a guideline range of 77-96 months. The Circuit specifically found that "If the low end of the guidelines range is less than seven years and the high end is greater than seven years, Wheeler may be sentenced, in the district court's discretion, to a term of incarceration no less than seven years but no greater than the upper limit of the guidelines sentence." <u>Id.</u> at 1196. This court's sentence of ninety-two months falls within the discretion permitted by the Circuit. Moreover, the departure falls in the middle of the guideline range determined in <u>Wheeler I</u>, which means that if this was a guideline case, the sentence would be essentially unreviewable and, by implication, reasonable. 18 U.S.C. § 3742(a) and (e).

R., Vol. I, doc. 104, at 10-11.

Defendant appeals both the decision to depart upward and the degree of that departure.

Standard of Review

The law governing our standard of review changed recently due to the Supreme Court's decision in *United States v. Booker*, 543 U.S. ___, 125 S. Ct. 738 (2005). *Booker* excised from the Sentencing Reform Act provisions that

-8-

made the Sentencing Guidelines mandatory and provisions that prescribed standards of review for guideline sentences. *Id.* at 764. Before it was excised, 18 U.S.C. § 3742(e) directed that when reviewing a sentence that departed from the guidelines, we should "give due deference to the district court's application of the guidelines to the facts" except with respect to certain determinations, including whether the facts of the case justified a departure. That determination we were to review de novo. *Id.* After the Supreme Court excised § 3742(e), the Court held that appellate courts should now review sentences under a reasonableness standard. *Booker*, 125 S. Ct. at 765-66.

"Although the Guidelines are now advisory, district courts must still 'consult the Guidelines and take them into account when sentencing.' Thus, appellate review continues to encompass review of the district court's interpretation and application of the Guidelines." *United States v. Doe*, ___F.3d___, 2005 WL 428916, at *2 n.5 (10th Cir. Feb. 24, 2005) (quoting *Booker*, 125 S. Ct. at 767). Our review of the district court's application of the Guidelines leads us to conclude that it was legally erroneous.

Analysis

As we held in *Wheeler II,* a district court may depart upward from the statutory minimum sentence prescribed in § 2K2.4 if the facts establish that the

defendant's criminal history is sufficiently serious to justify a departure. The district court concluded that defendant's juvenile record was sufficiently serious to justify such a departure. Our own assessment of defendant's criminal history differs. In our judgment, defendant's criminal history is not substantially different from that of other defendants sentenced under § 2K2.4, and were we still operating under the de novo standard of review provided in 18 U.S.C. § 3742(e), we would reverse on this basis alone. In addition, however, the district court erred as a matter of law in the methodology it used to arrive at defendant's sentence.

The district court reached a sentence of ninety-two months by calculating what defendant's criminal history category would have been if the Chapter 4 guidelines applied, and then combining that with defendant's offense level to derive what it called a "guideline range" of seventy-seven to ninety-six months. R. Vol. I, doc. 104, at 10. The court then considered our instructions in *Wheeler I* about how to determine when a sentence in excess of eighty-four months could be imposed under the old version of § 2K2.4, and concluded that a sentence of ninety-two months fell within the sentencing discretion permitted by *Wheeler I*. The district court further reasoned that a sentence of ninety-two months fell "in the middle of the guideline range determined in *Wheeler I*, which means if this

was a guideline case, the sentence would be essentially unreviewable and, by implication, reasonable." R. Vol. I, doc. 104, at 10.

There are several problems with the district court's methodology. First, the Guidelines expressly prohibit the district court from applying the Chapter 4 provisions to defendant, and "[t]he sentence to which an offender would have been subject under a patently inapplicable guideline is of no relevance to determining the sentence which should have been imposed," *United States v. Simmons*, 368 F.3d 1335, 1342 (11th Cir. 2004). Second, the "guideline range" applicable to defendant's offense is not seventy-seven to ninety-six months, but eighty-four months; [4] any higher sentence is an upward departure. The district court's reference to a different range and supposition that a sentence within that range would be essentially unreviewable and thus reasonable, is legally erroneous. Third, the district court's reliance on language in *Wheeler I* about the appropriate method for calculating a sentence under § 2K2.4 is misplaced. *Wheeler I* involved an earlier version of § 2K2.4 that has no application here.

---

[4]    "The term 'guideline range' includes a guideline range having the same upper and lower limits, such as the minimum mandatory sentence of [eighty-four] months for a violation of 18 U.S.C. § 924(c)." *Doe*, 2005 WL 428916, at *1 n.2 (brackets, quotation, and citation omitted).

-11-

Because the district court's methodology was legally flawed, we must reverse the sentence it imposed. In the usual case, we would remand to the district court with directions to resentence defendant.

But this is not the usual case. The statutory minimum and guideline sentence in this case is eighty-four months, which is seven years. Defendant was first sentenced on March 14, 2000, and now five years later, he is still uncertain what sentence he is to serve. The government has never requested a sentence above eighty-four months–neither at the initial sentencing, nor at either of the two subsequent resentencings. To the contrary, the government has argued that a sentence of eighty-four months is fair and appropriate, and that there are not grounds for an upward departure. Defendant cannot receive a sentence below eighty-four months, because that is the statutory mandatory minimum. The district court has had three opportunities to sentence defendant and has yet to impose a sentence that is valid. Each time the district court has chosen to impose a sentence in excess of the statutory minimum, and each time it has failed to adequately justify its sentence. The district court began with a sentence of 106 months and has since lowered it to ninety-two months.

Based on the unusual circumstances of this case, we conclude it would not be appropriate to simply remand this case for yet more sentencing proceedings. Eighty-four months is the presumptive sentence under the Guidelines and the

statute for the offense of conviction here, and that sentence is clearly proper in this case.  We therefore REVERSE and REMAND to the district court with instructions to vacate defendant's current sentence and impose a sentence of eighty-four months.

ENTERED FOR THE COURT

PER CURIAM