**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 10, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

    v.

PAUL G. RAYFORD,

      Defendant - Appellant.

No. 10-3192
(D.C. No. 2:09-CR-20143-CM-2)
(D. Kansas)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **ANDERSON** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

On March 9, 2010, defendant and appellant Paul G. Rayford pled guilty to one count of attempted bank robbery, in violation of 18 U.S.C. § 2113(a) and (2); one count of carrying and using a firearm during and in relation to the attempted

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

bank robbery, in violation of 18 U.S.C. § 924(c)and (2); and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), (a)(2) and (e). He was sentenced to concurrent 84-month terms of imprisonment for the attempted bank robbery and felon-in-possession counts, followed by a consecutive 60-month sentence for the use-of-a-firearm count, for a total of 144 months' imprisonment. Mr. Rayford filed a timely Notice of Appeal, and his appointed counsel, David A. Kelly, filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), moving to withdraw as counsel. For the reasons set forth below, we agree with Mr. Kelly that the record in this case provides no nonfrivolous basis for an appeal, and we therefore grant his motion to withdraw and dismiss this appeal.

**BACKGROUND**

On October 22, 2009, Mr. Rayford, along with his father, Kenneth Rayford, and a man named Claude White, attempted to rob the Interstate Federal Savings Bank in Kansas City, Kansas. Federal law enforcement personnel had been conducting surveillance of the Rayfords and, based on intercepted telephone calls obtained pursuant to a court-ordered Title III wiretap, they knew that the trio were planning to rob the bank. The officers accordingly were already on site and had directed the bank employees to lock the doors to the bank.

When Mr. Rayford and Mr. White tried to open the bank doors, they were apprehended, along with Kenneth Rayford, who was sitting in a car a short distance away. Mr. Rayford was wearing a bullet-proof vest when he was arrested, and a semi-automatic pistol was discovered on the driver's seat of the car Mr. Rayford had driven to the bank.[1]

As indicated above, Mr. Rayford pled guilty on March 8, 2010, to the three counts at issue. In preparation for sentencing under the advisory United States Sentencing Commission, Guidelines Manual (2009) ("USSG"), the United States Probation Office prepared a presentence report ("PSR"). The PSR calculated for Mr. Rayford a total offense level of 23 and a criminal history category of V. One of several reasons why Mr. Rayford's criminal history score was high (besides his extensive background of crime) was that he was on probation when he committed the instant crimes. With a total offense level of 23 and a criminal history category of V, the advisory Guidelines sentencing range for the attempted robbery and felon-in-possession counts was 84 to 105 months. The advisory Guideline sentence for the use-of-a-firearm count was 60 months, and it was required to be served consecutively to the other imprisonment terms. See 18 U.S.C. § 924(c); USSG §§5G1.2(a) and 2K2.4(b).

---

[1]We have very recently affirmed the 168-month sentence of Kenneth Rayford for the instant robbery, as well as two other completed armed bank robberies. United States v. Rayford, No. 10-3291 (May 10, 2011).

Mr. Rayford filed objections to the PSR, challenging the PSR's conclusion that the 60-month sentence imposed for the violation of 18 U.S.C. § 924(c) (use-of-a-firearm) must be imposed consecutively to the sentence for the other counts of conviction. He argued that our circuit had held that the sentence for the § 924(c) violation needed to be served consecutively to other sentences only when the other sentences were mandatory. The government and the court disagreed with Mr. Rayford, arguing, quite correctly, that he had misread our cases. They concluded that we have determined that § 924(c) requires a consecutive mandatory minimum sentence regardless of whether the other crimes of conviction (other than the § 924(c) charge) carry a mandatory minimum.[2] See United States v. Wheeler, 230 F.3d 1194 (10th Cir. 2000); United States v. Bazile, 209 F.3d 1205 (10th Cir. 2000). The court accordingly sentenced Mr. Rayford to 144 months' imprisonment.

Mr. Rayford timely filed his notice of appeal challenging his sentence. As indicated, his appointed counsel, Mr. Kelly, has moved to withdraw as counsel pursuant to Anders. Mr. Rayford has filed a *pro se* half-page response to his attorney's Anders brief. The government has, in turn, filed a brief addressing the issues Mr. Rayford raises *pro se*.

---

[2]Mr. Rayford's attorney suggests that the fact that the propriety of our case law on this general issue is before the Supreme Court pending a decision allows Mr. Rayford to argue that we should not affirm his sentence. That fact does not convince us to disregard our case law. See Gould v. United States, No. 09-7073 (orally argued Oct. 4, 2010).

DISCUSSION

In Anders, the Supreme Court held that if a defendant's counsel "finds [the defendant's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." Anders, 386 U.S. at 744. Counsel must submit to both the court and his client a "brief referring to anything in the record that might arguably support the appeal." Id. The defendant may then "raise any points that he chooses." Id.

The reviewing court must examine all the proceedings to determine whether the appeal is frivolous. Id. If the court so finds, it may grant defense counsel's request to withdraw and dismiss the appeal. Id. "On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) [the reviewing court] must, prior to decision, afford the indigent [defendant] the assistance of counsel to argue the appeal." Id.

In this case, Mr. Rayford has submitted a short letter to the court in response to his counsel's Anders brief and motion to withdraw. In his letter, he asks us to reverse his sentence on two grounds not previously raised. He argues that he received extra, and unwarranted, criminal history points in connection with his two prior drug trafficking convictions. More specifically, Mr. Rayford claims that, because he was sentenced on the same day for the two convictions and because the two convictions shared the same docket number, he should have received only two criminal history points for them, rather than four. He also argues that points were

-5-

erroneously added to his total offense level because he was on probation when he committed the instant offenses, and that probation status no longer is grounds for additional points.

Mr. Rayford failed to argue these claimed errors below, so we can review them only for plain error. United States v. Mike, 632 F.3d 686, 691 (10th Cir. 2011). To establish plain error, Mr. Rayford must show "(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. at 691-92.

Mr. Rayford's arguments are easily addressed and provide no nonfrivolous basis for an appeal. First, with regard to his claim about extra criminal history points being improperly assigned, he is factually wrong. While he fails to identify what prior drug trafficking crimes he is addressing, there are only two such prior crimes for which he was assessed points. He was arrested for drug trafficking on August 4, 1999, when an officer found 6.56 grams of cocaine in his car following a traffic stop. On October 10, 2000, he pled guilty and was sentenced in Jackson County, Missouri, to ten years' imprisonment, under case number CR99-6058. PSR ¶ 50, R. Vol. 3 at 11. In the other case, he was arrested on November 20, 1999, for selling crack cocaine in a controlled buy. On October 12, 2000, he was convicted following a jury trial and sentenced again in Jackson County, Missouri, to five years' imprisonment, under case number 16CR1680. Id. ¶ 51, id. at 12. The only common thread between the two cases is that both sentences were stated

to run consecutively to each other, and in both cases the court granted Mr. Rayford release from imprisonment on March 19, 2001.

USSG §4A1.2(a)(2) determines whether sentences are counted separately or as a single sentence under the advisory Guidelines:

> If the defendant has multiple prior sentences, determine whether those sentences are counted separately or as a single sentence. Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Count any prior sentence covered by (A) or (B) as a single sentence. . . .

Thus, as the government points out, there are two possible scenarios. If the sentences were imposed for offenses that were separated by an intervening arrest, the sentences must be counted separately. If, however, there was no intervening arrest, the prior sentences are counted separately unless the sentences resulted from offenses contained in the same charging instrument or the sentences were imposed on the same day. Mr. Rayford's PSR shows he was arrested on separate dates for the two drug incidents, but it does not say whether the second offense was committed before or after the arrest for the first incident. But even if they were not separated by an intervening arrest, the prior offenses should have been counted as a single sentence if they were charged together or sentences for them were imposed on the same day. The PSR indicates they had separate case numbers

-7-

(and inferentially were not charged together) and they were not imposed on the same day.  Mr. Rayford has accordingly not demonstrated that there was an error in the calculation of his criminal history points for his prior drug-related convictions.

Mr. Rayford also received two additional criminal history points under USSG §4A1.1(d) because he committed the instant offenses while he was on probation.  He claims this is wrong, as it has been "brought to [his] attention" that points would no longer be assessed if he was on probation when his current crime of conviction occurred.  Letter dated 1/13/2011.  This is not so.  The Guideline provision (USSG § 4A1.1(d)) under which Mr. Rayford was assessed points remains unchanged.  In any event, he was sentenced under the 2009 version of the Guidelines, and there is no dispute that, under that version, he was properly assessed two points for committing the instant offenses while on probation.  See USSG § 4A1.1(d).

We see no other grounds for reversing Mr. Rayford's sentence.  We review a district court's sentencing determinations for procedural and substantive reasonableness, employing a deferential abuse-of-discretion standard.  Gall v. United States, 552 U.S. 38, 51 (2007).  When a defendant is sentenced within a properly-calculated Guidelines range, the sentence is "entitled to a rebuttable presumption of reasonableness."  United States v. Kristl, 437 F.3d 1050, 1054 (10th Cir. 2006).  As indicated above, the district court in this case properly

calculated the applicable advisory sentencing range, so there is no procedural error here. And we therefore presume the sentence to be substantively reasonable. The court considered the 3553(a) factors and explained why it assessed the sentence it did.

We have carefully reviewed the record, and it shows no error in the court's determination of the facts or calculation of the advisory Guideline range, or anything else which would overcome the presumption that Mr. Rayford's sentence is substantively reasonable. Therefore, any argument that the district court's sentence was unreasonable would be frivolous.

## CONCLUSION

For the foregoing reasons, we GRANT defense counsel's motion to withdraw and DISMISS this matter.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge