# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1509

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Joel Rio-Baena, | * | |
| | * | [PUBLISHED] |
| Appellant. | * | |

_____

Submitted: January 4, 2001
Filed: January 10, 2001

_____

Before BEAM, FAGG, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Joel Rio-Baena pleaded guilty to transporting illegal aliens within the United States for commercial gain, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and (B)(i). At sentencing, the district court[1] enhanced his base offense level, pursuant to U.S.S.G. § 2L1.1(b)(5), for having recklessly created a substantial risk of death or serious bodily injury to the illegal aliens he transported. On appeal, Rio-Baena challenges the enhancement, arguing that the conditions in the van which he used to transport the

_____

[1]The Honorable Thomas M. Shanahan, United States District Judge for the District of Nebraska.

aliens were not sufficiently egregious to warrant the enhancement, and that he should not be held responsible for those conditions because he was an illegal alien himself, who only drove the van to pay the fee demanded by the organizers for the trip. We reject Rio-Baena's arguments and affirm.

While Rio-Baena may have been driving the van only to pay the fee for his trip, the fact remains that he knowingly agreed to drive 21 illegal aliens, 8 of them children, from Phoenix, Arizona, to Chicago, Illinois, crowded into the back of a cargo van without seats or seatbelts. Based on these facts, we cannot say that the district court clearly erred in assessing the challenged enhancement. See U.S.S.G. § 2L1.1, comment. (n.6); United States v. Plumley, 207 F.3d 1086, 1090 (8th Cir. 2000) (reviewing district court's factual findings for clear error); United States v. Hernandez-Guardado, 228 F.3d 1017, 1027-28 (9th Cir. 2000) (§ 2L1.1(b)(5) enhancements upheld where defendants had driven vans with illegal aliens not strapped into seats with seatbelts, but lying unrestrained on floorboards and across seats); United States v. Moe, 65 F.3d 245, 250 (2d Cir. 1995) (finding defendant responsible for conditions on boat carrying approximately 300 illegal aliens, despite his contention that land-based defendants were responsible for number of passengers and conditions on boat; defendant voluntarily chose to be captain of boat, with full knowledge of conditions on boat from outset of voyage).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-