# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1956

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Nebraska. |
| | * | |
| Pedro Ortiz, | * | [TO BE PUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: March 1, 2001
Filed: March 6, 2001

_____

Before HANSEN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

In September 1999, Pedro Ortiz was driving a van equipped to accommodate fourteen passengers, but which held twenty-three illegal aliens. A rear tire blew out and the van overturned. Most of the passengers were injured, including a child who was transported by life-flight helicopter. Ortiz later pleaded guilty to transporting an illegal alien for commercial advantage and private financial gain, in violation of 8

U.S.C. § 1324(a)(1)(A)(ii) and (B)(i). The district court[1] sentenced Ortiz to forty-one months imprisonment and three years supervised release.

On appeal, Ortiz argues that the court clearly erred by increasing his offense level for intentionally or recklessly creating a substantial risk of death or serious bodily injury, see U.S.S.G. § 2L1.1(b)(5), by not giving him a mitigating-role reduction, see U.S.S.G. § 3B1.2, and by granting only a two-level, as opposed to a three-level, acceptance-of-responsibility reduction, see U.S.S.G. § 3E1.1.

Having carefully reviewed the record and the parties' briefs, we conclude the district court did not clearly err. See United States v. Webb, 214 F.3d 962, 964 (8th Cir. 2000) (standard of review). First, Ortiz conceded that there were not enough seatbelts in the van. See U.S.S.G. § 2L1.1, comment. (n.6) (reckless conduct to which subsection (b)(5) applies includes wide variety of conduct, such as carrying substantially more passengers than vehicle's rated capacity or harboring persons in crowded, dangerous, or inhumane condition); United States v. Hernandez-Guardado, 228 F.3d 1017, 1027-28 (9th Cir. 2000) (§ 2L1.1(b)(5) enhancements upheld where defendants had driven vans with illegal aliens not strapped into seats with seat belts). Second, without deciding whether Ortiz played a greater or lesser role in the offense than his codefendant, we conclude the evidence that both men were responsible for transporting the passengers and that Ortiz drove the van suggested that he was deeply involved in the criminal activity. See U.S.S.G. § 3B1.2, comment. (n.3) ("minor participant means any participant who is less culpable than most other participants, but whose role could not be described as minimal"); United States v. Jones, 145 F.3d 959, 963 (8th Cir.) (defendant who is concededly less culpable than his codefendants is not entitled to § 3B1.2 reduction if that defendant was "deeply involved" in criminal acts), cert. denied, 525 U.S. 988 (1998). Finally, we find no error in the district court's

---

[1]The Honorable William G. Cambridge, United States District Judge for the District of Nebraska, now retired.

determination that, as Ortiz had communicated to the government his intention to proceed to trial after petitioning to plead guilty, he caused the government to prepare for trial against him, even though he later changed his mind and pleaded guilty. See U.S.S.G. § 3E1.1(b)(2) (additional 1-level reduction if defendant timely notifies authorities of his intention to enter plea of guilty, thereby permitting government to avoid preparing for trial and permitting court to allocate its resources efficiently) & comment. (n.5) (sentencing judge's determination of defendant's acceptance of responsibility is entitled to great deference on review); cf. United States v. Brown, 148 F.3d 1003, 1007 (8th Cir. 1998) ("The presence of an additional defendant against whom a case must be proved by no means suggests that the government's efforts to prepare that case for trial are somehow duplicative of efforts to prepare similar cases against co-defendants."), cert. denied, 525 U.S. 1169 (1999).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.