# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3103

_____

United States of America,       *
      *
       Appellee,       *    Appeal from the United States
      *    District Court for the Western
    v.       *    District of Missouri.
      *
Horacio Flores-Flores,       *
      *
       Appellant.       *

_____

Submitted:    January 13, 2004

Filed:    January 23, 2004

_____

Before LOKEN, Chief Judge, FAGG and BOWMAN, Circuit Judges.

_____

FAGG, Circuit Judge.

Horacio Flores-Flores was hired to transport eleven illegal aliens from Arizona to Michigan in a Chevrolet Astro cargo van. Because there were only four seats in the van, eight of the aliens sat on the floor in an open area in the rear. During the trip, Flores asked one of the passengers, Anasticio Ramirez-Ortiz, to drive for him. Ramirez-Ortiz fell asleep at the wheel. The van went over an enbankment and rolled onto its side in a creek. Two of the aliens seated on the floor in the van's open area died at the scene of the accident. At the hospital, the surviving aliens identified Flores as the original driver of the van and as the individual who was being paid to

transport them.    Flores admitted he had been hired to transport the aliens and had asked Ramirez-Ortiz to drive.

Flores was later convicted on four counts of transporting illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and 18 U.S.C. § 2.  At sentencing, the district court[*] increased Flores's offense level by two under U.S.S.G. § 2L1.1(b)(5) (providing for two-level increase if the offense involved recklessly creating a substantial risk of serious bodily injury to another) and by eight under U.S.S.G. § 2L1.1(b)(6) (providing for eight-level increase if any person dies).  Flores appeals arguing only that the § 2L1.1(b)(6) increase should not apply to him because the driver's negligent operation of the vehicle, rather than his conduct, proximately caused the deaths.

Section 2L1.1 of the sentencing guidelines covers computation of the offense level for defendants who smuggle, transport, or harbor an unlawful alien.  The guideline provides a base offense level, id. § 2L1.1(a), and increases or decreases to the base offense level for specific offense characteristics, id. § 2L1.1(b).  Subsection 2L1.1(b)(5) provides for a two-level increase "[i]f the offense involved intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person."  Subsection 2L1.1(b)(6)(4) provides, "If any person died . . . increase the offense level [by eight]."  No additional intent beyond that found in § 2L1.1(b)(5) is required to apply § 2L1.1(b)(6). United States v. Mares-Martinez, 329 F.3d 1204, 1207 (10th Cir. 2003); United States v. Rodriguez-Cruz, 255F.3d 1054, 1059 (9th Cir. 2001); United States v. Herrera-Rojas, 243 F.3d 1139, 1144 (9th Cir. 2001).  Nevertheless, the death or injury specified in § 2L1.1(b)(6) must be causally connected to dangerous conditions created by the unlawful conduct.  Mares-Martinez, 329 F.3d at 1207; Herrera-Rojas, 243 F.3d at 1144 n.1; see also Rodriguez-Cruz, 255

---

[*]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

F.3d at 1059; <u>United States v. Garcia-Guerrero</u>, 313 F.3d 892, 898-99 (5th Cir. 2002) (declining to decide whether causal link between risky conduct and death must exist because link satisfied in this case). The Tenth Circuit held the causation requirement of § 2L1.1(b)(6) is satisfied when a smuggler of aliens arranges for their transport in a substantially overloaded van and the aliens are injured or killed in a van accident resulting from a tire blow-out, even though the smuggler was not driving. <u>Mares-Martinez</u>, 329 F.3d at 1207.

Here, Flores voluntarily elected to smuggle eleven individuals for money in an overloaded van on a nonstop two thousand mile trip over interstate highways without the benefit of seats or seatbelts for eight of the passengers. Flores also selected one of the unlawful aliens to drive during part of the trip and failed to ensure Ramirez-Ortiz stayed awake while driving the van. The district court found that because Flores was transporting eight more passengers in the van than its rated capacity, Flores recklessly created a substantial risk of death or serious bodily injury to another person within the meaning of § 2L1.1(b)(5). <u>See</u> <u>id.</u> n.6 (reckless conduct to which § (b)(5) applies includes carrying substantially more passengers than the rated capacity of a motor vehicle). The deaths of the two passengers seated in an open area in the van's rear were causally connected to the dangerous conditions created by Flores's unlawful conduct. <u>Mares-Martinez</u>, 329 F.3d at 1207. The negligence of Ramirez-Ortiz was not an intervening cause relieving Flores of responsibility for the aliens' deaths. <u>Id.</u>; <u>see also</u> <u>United States v. Ortiz</u>, 242 F.3d 1078, 1079 (8th Cir. 2001) (per curiam) (affirming application of § 2L1.1(b)(5) when overloaded van without enough seatbelts overturned due to tire blow-out). Thus, the district court properly assessed the § 2L1.1(b)(6) increase.

Accordingly, we affirm Flores's sentence.

_____