United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 21, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 05-40548
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAUL JUAREZ, III,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-2022-ALL
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Raul Juarez, III, appeals his guilty-plea conviction of transporting undocumented aliens within the United States by means of a motor vehicle for private financial gain. Juarez argues that the facts of this case do not give rise to the level of endangerment required for an enhancement under U.S.S.G. § 2L1.1(b)(5).

The presentence report detailed that two material witnesses stated that Juarez instructed them to get under the bed of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sleeper of the tractor trailer driven by Juarez; that they were "squeezed in and unable to breathe;" and that "they were banging the compartment top to get someone's attention." The district court's application of the enhancement was not error. See United States v. Villanueva, 408 F.3d 193, 203 (5th Cir.), cert. denied, 126 S. Ct. 268 (2005); see also United States v. Ortiz, 242 F.3d 1078, 1078-79 (8th Cir. 2001); U.S.S.G. § 2L1.1(b)(5), comment. (n.6).

Alternatively, Juarez argues that he was not the individual responsible for creating a substantial risk of death or serious bodily injury because he did not direct the aliens where to hide, nor could he have because the aliens spoke Portugese and he does not. He argues that it was the guide who arranged the aliens in the tractor and that Juarez could not have foreseen that the aliens were going to place themselves where they did. Because Juarez did not present any rebuttal evidence establishing that the information in the presentence report regarding his placement of the aliens was materially untrue, the district court's application of the enhancement under U.S.S.G. § 2L1.1(b)(5) was not error. See United States v. Alford, 142 F.3d 825, 832 (5th Cir. 1998).

Finally, Juarez argues that the district court should not have assessed the reckless endangerment enhancement because there was no jury finding on the enhancement nor did he admit to the enhancement and because the indictment failed to allege that he

intentionally or recklessly created a substantial risk of death or serious bodily injury to another person.  First, Juarez's argument regarding the indictment is factually inaccurate.  Second, even after United States v. Booker, 543 U.S. 220 (2005), the sentencing judge may find facts relevant to the determination of a Guideline's sentencing range.  United States v. Mares, 402 F.3d 511, 519 (5th Cir. 2005).  The district court's judgment is AFFIRMED.