[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 30, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14868
Non-Argument Calendar

_____

D. C. Docket No. 06-00103-CR-T-27EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE LUIS HERNANDEZ-MILLAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 30, 2007)

Before DUBINA, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Appellant Jose Luis Hernandez-Millan ("Millan") appeals his 24-month

sentence imposed following his guilty plea to one count of transporting illegal aliens for financial gain, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) & (B)(i) and 18 U.S.C. § 2. On appeal, Millan argues that the district court erred in applying a sentencing enhancement, pursuant to U.S.S.G. § 2L1.1(b)(5) (2005), for intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person. Millan argues that he operated his Chevrolet Suburban, in which he carried ten aliens, most of whom were lying on the vehicle's floorboard without access to seatbelts, in compliance with Florida's driver-obstruction and seatbelt statutes, and that the power to regulate traffic is a power reserved to the states. Millan also argues that the enhancement should not have been applied because the district court clearly erred in finding that the vehicle carried "substantially" more passengers than the rated capacity of the vehicle, and that he operated his vehicle in a safe and lawful manner.

"With respect to sentencing guideline issues, this court reviews purely legal questions *de novo*, a district court's factual findings for clear error, and, in most cases, a district court's application of the guidelines to the facts with 'due deference.'" *United States v. Rodriguez-Lopez*, 363 F.3d 1134, 1136-37 (11th Cir. 2004) (citation omitted). For a factual finding to be clear error, we must, after reviewing all of the evidence, have a definite and firm conviction that a mistake

2

has occurred. *United States v. Foster*, 155 F.3d 1329, 1331 (11th Cir. 1998).

When a defendant is convicted of transporting illegal aliens for financial gain, the guidelines provide for an enhancement to the defendant's total offense level where he intentionally or recklessly created a substantial risk of death or bodily injury to another person. U.S.S.G. § 2L1.1(b)(5) (2005). Section 2L1.1(b)(5) provides for a 2-level increase, unless the resulting offense level is less than 18, in which case the defendant's offense level shall be increased to 18. *Id.* The applicable commentary to § 2L1.1(b)(5) states in part that:

> Reckless conduct to which the adjustment from subsection (b)(5) applies includes a wide variety of conduct (*e.g.*, transporting persons in the trunk or engine compartment of a motor vehicle, carrying substantially more passengers than the rated capacity of a motor vehicle or vessel, or harboring persons in a crowded, dangerous, or inhumane condition).

U.S.S.G. § 2L1.1, comment. (n.6) (2005).

In addition, § 2L1.1(b)(5) and its commentary make no reference to state motor vehicle regulations, nor is there a prerequisite that the defendant have violated a state traffic law in order for the enhancement to apply. *See* U.S.S.G. § 2L1.1(b)(5) & comment. (n.6). "Federal law, not state law, controls the application of the Sentencing Guidelines." *United States v. Madera-Madera*, 333 F.3d 1228, 1231 n.2 (11th Cir. 2003). The Tenth Amendment provides that "[t]he powers not delegated to the United States by the Constitution, nor prohibited

3

by it to the States, are reserved to the States respectively, or to the people." U.S. Const. amend. X.  It is well-established that Congress has the power to fix the sentence for federal crimes, and it also has plenary power to govern immigration issues. *Mistretta v. United States*, 488 U.S. 361, 364, 109 S. Ct. 647, 650-51, 102 L. Ed. 2d 714 (1989); *Kleindienst v. Mandel*, 408 U.S. 753, 765-66, 92 S. Ct. 2576, 2583, 33 L. Ed.  2d 683 (1972).  Additionally, Congress has the power to regulate the channels and instrumentalities of commerce, including automobiles, airplanes, and boats. *United States v. Ballinger*, 395 F.3d 1218, 1225-26 (11th Cir.), *cert. denied*, 126 S. Ct. 368 (2005).  Furthermore, the Sentencing Commission exercises policymaking authority delegated to it by Congress. *United States v. Booker*, 543 U.S. 220, 243, 125 S. Ct. 738, 755, 160 L. Ed. 2d 621 (2005).

We have favorably noted the decisions of other circuit courts applying this enhancement to smugglers who transported aliens in overcrowded motor vehicles or without seatbelts. *Rodriguez-Lopez*, 363 F.3d at 1138 (citing *United States v. Ramirez-Martinez*, 273 F.3d 903, 916 (9th Cir. 2001), (which held that application of the enhancement was not clearly erroneous where the defendant transported 20 people in a dilapidated van without seats or seat belts); *United States v. Ortiz*, 242 F.3d 1078, 1078-79 (8th Cir. 2001) (affirming application of the enhancement when the defendant transported 23 aliens in a van equipped with seat belts for only

4

14). *But see United States v. Solia-Garcia*, 420 F.3d 511, 515-16 (5th Cir. 2005) (concluding that "act of transporting four aliens lying in the cargo area of a minivan, with no aggravating factors, constitutes an inherently dangerous practice such as to create a substantial risk of death or serious bodily injury to those aliens").

Based on the record and our prior case law, we conclude that the district court did not clearly err in finding that Millan created a substantial risk of death or serious bodily injury to the aliens that he was transporting. Accordingly, we hold that the district court properly applied the § 2L1.1(b)(5) enhancement, and affirm Millan's sentence.

**AFFIRMED.**